UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE DAVID AVILA GAMEZ,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No. 1:26-cv-04218-KES-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO DENY PETITION IN PART AND DISMISS CHALLENGE TO THE INDIVIDUAL BOND DETERMINATION WITHOUT PREJUDICE[1]

(Doc. 1)

FOURTEEN-DAY OBJECTION PERIOD

Petitioner Jose David Avila Gamez, an immigration detainee, proceeds on his counseled petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1, "Petition"). The Petition challenges Petitioner's continued detention as unreasonably prolonged in violation of his Fifth Amendment due process rights, and his bond determination as constitutionally deficient. (Doc. 1 at 6-10). He requests immediate release. (*Id.* at 6).

Respondents argue that Petitioner failed to exhaust administrative remedies, he is lawfully detained under 8 U.S.C. § 1226(a) pending removal proceedings, and the Court lacks jurisdiction to reweigh the evidence on a challenge to the immigration judge's bond decision.

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

(Doc. 9). In reply, Petitioner argues exhaustion should be waived, and the bond hearing did not satisfy due process because it did provide an individualized justification for continued confinement and the government did not carry the required burden. (Doc. 10).

For the reasons below, the undersigned recommends denying the substantive and procedural due process claims on the present record and dismissing Petitioner's challenge to the individual bond determination without prejudice for failure to exhaust administrative remedies.

## I. BACKGROUND

Petitioner is a native and citizen of Guatemala. He entered the United States without inspection on an unknown date and has resided here approximately twenty years. (Doc. 9 at 10; Doc. 1 at 3). Records submitted by Respondents reflect a lengthy history of immigration-related proceedings since Petitioner was issued a Notice to Appear in 2014, including an approved I-130 in 2018, an order from the BIA dismissing proceedings and rescinding an IJ's findings in 2021, an I-131F (application for parole in place for certain noncitizen spouses of U.S. citizens) in 2024 that was administratively closed in 2025, and an approved I-601A (provisional unlawful presence waiver) in 2024. (Doc 9 at 10-11).

On November 7, 2025, Petitioner was encountered at Utah County Jail, and he was released to ICE custody on November 13, 2025. (Doc. 9 at 10). Petitioner's criminal history includes a conviction for no valid license in 2011, a conviction for no driver's license and failure to register or expired vehicle license in 2014, a conviction for DUI in 2014, and a conviction for DUI in August 2025. (Doc. 9 at 11).

On January 23, 2026, the IJ denied Petitioner's application for asylum, withholding of removal under INA § 241(b)(3), and protection under the Convention Against Torture ("CAT"), and ordered him removed. (Doc. 9 at 24-27). Petitioner reserved the right to appeal to the Board of Immigration Appeals ("BIA"). (*Id.* at 27).

Petitioner filed his first habeas petition, and a motion for temporary restraining order (TRO), on March 18, 2026. (Case No. 2:26-cv-00956-KES-HBK at Docs. 1, 2). On March 31, 2026, the assigned district judge converted the TRO to a motion for preliminary injunction, granted the motion for preliminary injunction, and ordered Respondents to provide Petitioner a

bond hearing under 8 U.S.C. § 1226(a). (*Id.* at Doc. 9).

Petitioner subsequently received a bond hearing before an immigration judge ("IJ"). In an order dated April 13, 2026, the IJ denied bond, finding Petitioner a danger to the community. (Doc. 9 at 35). Although Petitioner reserved the right to appeal, the record does not show he appealed to the Board of Immigration Appeals (BIA).

Petition filed this Petition on June 1, 2026. (Doc. 1). He also moved for a TRO. (Doc. 2). The district judge denied the TRO without prejudice on June 2, 2026, and ordered a response to the Petition. (Doc. 6). On July 20, 2026, Petitioner filed a notice that the matter is fully briefed. (Doc. 11).

Petitioner remains in ICE custody at the California City Detention Facility in California City, California. (Doc. 1 at 2).

## II. APPLICABLE LAW

### A. Habeas Jurisdiction

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As relevant here, "district courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

### B. Detention under 8 U.S.C. § 1226

Section 1226(a) authorizes arrest and detention pending a decision on removal and permits release on bond or conditional parole. *Rodriguez Diaz v. Garland*, 53 F.4th at 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). A detainee may seek an initial custody redetermination before an IJ and ordinarily bears the burden of establishing that release is warranted. *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *Matter of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007). A detainee may appeal an adverse custody determination to the BIA and may seek a subsequent redetermination upon a showing of materially changed circumstances. *Rogriguez Diaz*, 53 F.4th at 1197; 8 C.F.R.

§ 236.1(d)(1), 1003.19(e).

If a noncitizen is released under § 1226(a), the government may revoke bond or conditional parole and rearrest the noncitizen "at any time," but courts have held that rearrest must comply with constitutional constraints and generally requires a change in circumstances. *M.R.R. v. Chestnut*, 2025 WL 3265446, at *3 (E.D. Cal. Nov. 24, 2025) (internal citations omitted); *Martinez Hernandez v. Andrews*, 2025 WL 2495756, at *10 (E.D. Cal. Aug. 28, 2025) (while allowing for rearrest at any time, "this does not mean that DHS may exercise its discretion in a manner that is inconsistent with constitutional requirements.").

C. Due Process

The Fifth Amendment protects persons within the United States, including noncitizens, from deprivation of liberty without due process of law. *Trump v. J.G.G.*, 604 U.S. 670 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993)*; Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001). The protections required depend on the individual's immigration status and circumstances. *Zadvydas*, 533 U.S. at 693 ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law."). Once noncitizens enter the country, even unlawfully, due process generally requires some form of hearing before the government deprives a person of liberty. *Id.*; *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission ... and those who are within the United States after an entry, irrespective of its legality. In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'*"); see also Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

Substantive due process limits civil detention that is punitive or excessive in relation to regulatory purpose. *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021). Procedural due process addresses the adequacy of the procedures used to justify detention.

## III. ANALYSIS

A. Violation of Due Process

1. Substantive Due Process

Petitioner generally contends that his detention no longer bears a sufficient relationship to any legitimate nonpunitive purpose. (Doc. 1 at 7).

Detention during removal proceedings is not inherently punitive, but its duration and circumstances remain relevant to whether it has become excessive in relation to its purpose. *Demore v. Kim*, 538 U.S. at 527; *see also Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of this deportation procedure."); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (civil detention in immigration proceedings is assumed to be "nonpunitive in purpose and effect").

The IJ found Petition to be a danger to the community. (Doc. 9 at 35). That finding identifies a regulatory purpose for detention: preventing danger to the community based on Petitioner's two previous DUI convictions and current probation status. Petitioner cites his length of residence, family and community ties, and steady employment history. (Doc. 1 at 4-5). Those circumstances are relevant to the custody determination, but they do not without more establish that detention is punitive or excessive. *See Martinez Leiva v. Becerra*, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023) ("[Petitioner's] argument that his detention has become punitive because he does not pose a flight risk or danger … might be correct. But that is what bond hearings are for."). Moreover, § 1226(a) provides procedures through which he may challenge continued detention. *Silva Villicana v. Warden*, 2026 WL 1816155, at *5 (E.D. Cal. June 24, 2026).

On this record, Petitioner has not established that his detention has ceased to serve a regulatory purpose or has become excessive in relation to that purpose. The undersigned therefore recommends denying the substantive due process claim.

2. Procedural Due Process

Petitioner argues that his detention without a constitutionally sufficient justification for "approximately seven months" has become prolonged. (Doc. 1 at 6-7 (citing *Rodriguez v. Robbins*, 715 F.3d 1127 (9th Cir. 2013)). Respondents maintain Petitioner is lawfully detained under § 1226(a) pending his removal proceedings. (Doc. 9 at 4-5).

In *Jennings*, the Supreme Court held that § 1226(a) does not require periodic bond

hearings or require the government to justify continued detention by clear and convincing evidence. 583 U.S.C. at 306. The Court remanded for consideration of the constitutional claims. *Id*. at 312.

The Ninth Circuit later addressed a constitutional challenge to § 1226(a)'s bond procedures in *Rodriguez Diaz.* Applying the factors in *Mathews v. Eldridge*, 424 U.S. 319 (1976), the court held that those procedures were constitutionally adequate as applied to a petitioner detained for fourteen months who sought a second bond hearing at which the government would bear the burden of proof. *Rodriguez Diaz*, 53 F.4th at 1207-14.

The court assumed that fourteen months constituted prolonged detention but explained that duration alone did not resolve the due process inquiry. The analysis also required consideration of the process received, the additional process available, and the circumstances contributing to the detention's length. *Id*. at 1207-10. Relevant safeguards included an initial bond hearing, an appeal to the BIA, and the opportunity to seek another custody determination upon materially changed circumstances at any time. *Id*.

Petitioner has not established a material distinction between his case and *Rodriguez Diaz*. He received a custody determination. He was represented by counsel, reserved appeal, but did not exercise his right to appeal the negative bond determination to the BIA. (Doc. 9 at 2, 35-36). He may also request another custody redetermination upon a showing of materially changed circumstances. Even assuming his current, eleven-month detention is prolonged, he has not shown that these procedures are constitutionally inadequate as applied to him. *See Rodriguez Diaz*, 53 F.4th at 1213 (§ 1226(a)'s post-detention bond procedures satisfy due process both facially and as applied); *see also Jose Pablo Hernandez Cortez v. Warden, California City Immigration Processing Center*, 2026 WL 2869777, at *3 (E.D. Cal. Sept. 23, 2026).

Based on the foregoing, Petitioner's procedural due process claim should be denied.

3. Challenges to Bond Determination

Petitioner argues the bond hearing was constitutionally inadequate because it did not provide a meaningful individualized determination of present danger or flight risk and the government failed to prove by clear and convincing evidence that Petitioner is a danger to the

community. (Doc. 1 at 7-9). In support of this argument, Petitioner cites evidence that he has lived in the United States for more than 20 years, has steady employment history, is married to a U.S. citizen and has U.S. citizen children, and has I-130 and 601-A waivers "approved" which means he "would be eligible to get a lawful status at some point in the future." (*Id.*).

First, Petitioner's reliance on *Singh* does not establish that the government must bear the burden of proof at his § 1226(a) bond hearing. *Rodriguez Diaz* rejected the contention that due process categorically requires the government to justify detention under § 1226(a) by clear and convincing evidence. 53 F.4th at 1210-12. Petitioner has not identified circumstances establishing that a different allocation of the burden was constitutionally required here. *Cf., e.g., Rodriguez Pichardo v. Warden, California City Detention Facility*, 2026 WL 2666226, at *1 (E.D. Cal. Sept. 10, 2026) ("Where the government has previously determined that a noncitizen should be released as he did not pose a flight risk or danger, the government must bear the burden of establishing that changed circumstances warrant his present detention.").

Second, a petitioner ordinarily must appeal an adverse bond determination to the BIA before seeking habeas review of that decision. *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). If administrative remedies have not been exhausted and exhaustion is not excused, the district court ordinarily dismisses without prejudice or stays the proceedings pending exhaustion. *Id*. Although Petitioner reserved his right to appeal, the record does not show that he filed a BIA appeal. Nor does the present record establish a basis to excuse exhaustion. *See Laing v. Ashcroft,* 370 F.3d 994, 1000-01 (9th Cir. 2004) (court may waive exhaustion when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile).

Finally, even if the Court considered Petitioner's argument that the IJ did not account for evidence supporting release, such an argument would not establish an entitlement to relief on the present record. In *Martinez v. Clark*, the Ninth Circuit held that the agency's application of the dangerousness standard to established facts presents a reviewable mixed question of law and fact, notwithstanding 8 U.S.C. § 1226(e). 124 F.4th 775, 783–85 (9th Cir. 2024). Review is for abuse of discretion, however, and does not permit the district court to reweigh the evidence or substitute

its own assessment for the agency's. *Id.* at 784–85. Petitioner has not demonstrated an abuse of discretion on the record presented.

The IJ noted Petitioner was convicted of DUI twice, once in 2014 and again in August 2025, and is currently on probation. (Doc. 9 at 35). The IJ also relied on Petitioner's failure to present evidence reflecting the facts and circumstances surrounding his second DUI conviction in 2025 and noted Petitioner's family ties to U.S. citizens did nothing to deter his dangerous behavior. (*Id.*).

As discussed above, the IJ applied the correct burden of proof, and Petitioner does not otherwise argue the IJ used an erroneous legal standard. Petitioner's reliance on his community and family ties, residential and employment history, and wavier approvals identifies considerations he believes favor release, but does not, without more, establish an abuse of discretion. To the extent that he asks the Court to assign those considerations greater weight, *Martinez* does not permit the Court to reweigh the evidence. *See* 124 F.4th at 784-85. Such arguments must be presented through the administrative appeal process. *See C.A.R.V. v. Wofford*, 2026 WL 241823, at *9 (E.D. Cal. Jan. 29, 2026) (challenges to the sufficiency of the evidence supporting the IJ's determination must be pursued through the ordinary immigration appeal process).

Accordingly, any distinct, otherwise reviewable challenge to the individual bond determination should be dismissed without prejudice for failure to exhaust administrative remedies.

Accordingly, IT IS RECOMMENDED**:**

1. The petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) be
    a. DENIED IN PART as to the substantive and procedural due process challenges to Petitioner's continued detention addressed above; and
    b. DISMISSED WITHOUT PREJUDICE as to any claim challenging the Immigration Judge's dangerousness determination.
2. The Clerk of Court be directed to enter judgment consistent with the foregoing and close this case.

NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed fifteen (15) pages. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: November 10, 2026

Helena M. Barch-Kuchta
HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE